UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| **JOHNNY MELVIN LONADIER, III** | **CIVIL ACTION NO. 22-1042** |
| | **SECTION P** |
| **VS.** | |
| | **JUDGE S. MAURICE HICKS, JR.** |
| **GRADY O'CALLAGHAN** | **MAG. JUDGE KAYLA D. MCCLUSKY** |

### REPORT AND RECOMMENDATION

Plaintiff Johnny Melvin Lonadier, III, a prisoner at Bossier Maximum Security Center proceeding pro se and in forma pauperis, filed this proceeding on approximately April 19, 2022, under 42 U.S.C. § 1983. He names Judge Grady O'Callaghan as defendant.[1] For reasons that follow, the Court should dismiss Plaintiff's claims.

### Background

In his initial pleading, Plaintiff claims that on August 4, 2021, a state court judge, Judge O'Callaghan, stated "in open court that" that he would deny Plaintiff access to the court "during this case" if Plaintiff "requested to be in court." [doc. # 1, p. 3]. Plaintiff maintains that the state court did not respond to his letters, in which he requested DNA testing and permission to be present in court. *Id.*

In an amended pleading, Plaintiff clarifies that he is referring to *David Lawrence Beach v. Brittany Gail Haynes*, Case No. 611413-F, a state court child custody case involving Plaintiff's alleged children. [doc. # 7, p. 1]. The case has concluded. *Id.* He claims here that Judge O'Callaghan refused to allow him to appear in that case and argue (1) that Brittany Gail

---

[1] This matter has been referred to the undersigned for review, report, and recommendation under 28 U.S.C. § 636 and the standing orders of the Court.

Haynes and Joshua David Roberts abused and neglected the children; (2) that Roberts sexually molested the children; and (3) that Plaintiff is the father of one child. *Id.* He adds that because he was not allowed to present his claims/arguments against Brittany Gail Haynes, the state court awarded custody of the children to Haynes, exposing the children to "a very harmful, dangerous, and life threatening situation." *Id.* Plaintiff concludes: "Due to the actions of Grady O'Callaghan I am now under constant anxiety, stress, and worry about my children." *Id.*

Plaintiff asks this Court to (1) reopen the state court case; (2) recuse Judge O'Callaghan; and (3) order Judge O'Callaghan to "commission [Plaintiff] private counsel of [his] choice." [doc. # 1, p. 4].

## Law and Analysis

**1. Preliminary Screening**

Plaintiff is a prisoner who has been permitted to proceed in forma pauperis. As a prisoner seeking redress from an officer or employee of a governmental entity, his complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A.[2] *See Martin v. Scott,* 156 F.3d 578, 579-80 (5th Cir. 1998) (*per curiam*). Because he is proceeding in forma pauperis, his Complaint is also subject to screening under § 1915(e)(2). Both § 1915(e)(2)(B) and § 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim on which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact."

---

[2] Under 28 U.S.C. § 1915(h), "'prisoner' means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program."

2

*Neitzke v. Williams,* 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. Courts are also afforded the unusual power to pierce the veil of the factual allegations and dismiss those claims whose factual contentions are clearly baseless. *Id.*

A complaint fails to state a claim on which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007); accord *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). A claim is facially plausible when it contains sufficient factual content for the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 570). Plausibility does not equate to possibility or probability; it lies somewhere in between. *Id.* Plausibility simply calls for enough factual allegations to raise a reasonable expectation that discovery will reveal evidence to support the elements of the claim. *Twombly*, 550 U.S. at 556.

Assessing whether a complaint states a plausible claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal, supra.* A well-pled complaint may proceed even if it strikes the court that actual proof of the asserted facts is improbable and that recovery is unlikely. *Twombly, supra.*

In making this determination, the court must assume that all of the plaintiff's factual allegations are true. *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998). However, the same presumption does not extend to legal conclusions. *Iqbal, supra.* A pleading comprised of "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" does not satisfy Rule 8. *Id.* "[P]laintiffs must allege facts that support the elements of the cause of action in order to make out a valid claim." *City of Clinton, Ark. v. Pilgrim's Pride Corp*, 632 F.3d 148,

152-53 (5th Cir. 2010). Courts are "not free to speculate that the plaintiff 'might' be able to state a claim if given yet another opportunity to add more facts to the complaint." *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d 94, 97 (5th Cir. 1994).

A hearing need not be conducted for every pro se complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991). A district court may dismiss a prisoner's civil rights complaint as frivolous based upon the complaint and exhibits alone. *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986).

"To state a section 1983 claim, a plaintiff must (1) allege a violation of a right secured by the Constitution or laws of the United States and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law." *Whitley v. Hanna*, 726 F.3d 631, 638 (5th Cir. 2013) (internal quotation marks omitted). Consistent with the standard above, a "[S]ection 1983 complaint must state specific facts, not simply legal and constitutional conclusions." *Fee v. Herndon*, 900 F.2d 804, 807 (5th Cir. 1990).

## 2. Injunctive Relief

Plaintiff seeks injunctive relief against a state court judge under Section 1983, asking this Court to (1) reopen the state court case; (2) recuse Judge O'Callaghan; and (3) order Judge O'Callaghan to "commission [Plaintiff] private counsel of [his] choice." [3] [doc. # 1, p. 4].

Section 1983 states: "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the

---

[3] *See* BLACK'S LAW DICTIONARY (11th ed. 2019) ("Injunction") ("A court order commanding or preventing an action."); *Garland v. Aleman Gonzalez*, 2022 WL 2111346, at *4 (U.S. June 13, 2022) (defining an injunction as a "a judicial order that 'tells someone what to do or not to do.'").

4

deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, <u>except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable</u>." 42 U.S.C. § 1983 (emphasis added).

"Available relief against any defendant judge is limited by a 1996 amendment to Section 1983 'that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.'" *Daves v. Dallas Cnty., Texas*, 22 F.4th 522, 545 (5th Cir. 2022).

Here, Plaintiff does not contend that Judge O'Callaghan acted outside of his judicial capacity. Nor does Plaintiff contend that a 'declaratory decree was violated' or that 'declaratory relief was unavailable.' Accordingly, 'injunctive relief shall not be granted,' under Section 1983. Because Plaintiff does not seek any other cognizable relief, the Court should dismiss his claims. *See Machetta v. Moren*, 726 F. App'x 219, 220 (5th Cir. 2018) (holding, where a plaintiff was unsatisfied with the outcome of a child custody proceeding in state court, that Section 1983 did "not provide a basis for" the plaintiff "to seek injunctive relief" because the plaintiff did not allege that a declaratory decree was violated or that declaratory relief was unavailable); *see also James v. Tobolowski*, 517 F. App'x 285, 286 (5th Cir. 2013).

## Recommendation

For the reasons above, **IT IS RECOMMENDED** that Plaintiff Johnny Melvin Lonadier, III's, claims be **DISMISSED** as frivolous and for failing to state claims on which relief may be granted.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

In Chambers, Monroe, Louisiana, this 24th day of June, 2022.

                                                Kayla Dye McClusky
                                                United States Magistrate Judge